**Lubiana DALIP, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0586–AG.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

**50**

Saul C. Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Lubiana Dalip, a native and citizen of Albania, seeks review of a January 8, 2008 order of the BIA, affirming the May 23, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Dalip's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lubiana Dalip*, No. A98 694 478 (B.I.A. Jan. 8, 2008), *aff'g* No. A98 694 478 (Immig. Ct. N.Y. City May 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision directly. *Jian Hui Shao v. BIA*, 465 F.3d 497, 500 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Dalip has failed to challenge before this Court the agency's denial of her claim for CAT relief, and because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We find that substantial evidence supports the IJ's adverse credibility determination. The IJ correctly noted numerous inconsistencies in Dalip's testimony and the evidence she submitted to the IJ. First, in her asylum application and during cross-examination Dalip testified that the police in Albania physically abused her for the first time in June 2001. However, the two letters that she submitted from the secretary and the deputy of the Democratic Party ("DP") each stated that "armed and uniformed people physically abused [Dalip]" during a DP-organized protest in October 2000. Given that the crux of Dalip's asylum claim was her allegation that the police had harassed and physically abused her on three occasions beginning in

June 2001, and given that the authors of the letters allegedly knew Dalip and were present in her life during the relevant time period, this discrepancy undermined the very basis of her claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citation omitted).[1] When asked to explain this discrepancy, Dalip testified that it was her sister who was "mistreated by the police" in October 2000. Although her explanation is plausible, a reasonable fact finder would not be compelled to credit it and the IJ's finding is therefore supported by substantial evidence. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Moreover, the IJ reasonably found that the two letters failed to specify the date on which Dalip became a DP member and additionally noted that they were "carbon copies of each other . . . except for the fact that one is signed by [the DP secretary] and one is signed by [the DP deputy]." *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 524 (2d Cir.2007) (stating that "striking similarities between affidavits are an indication that the statements are 'canned' "); *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (finding an IJ's adverse credibility determination, which was based in part on "the nearly identical language of the affidavits . . . submitted," supported by substantial evidence). The record further supports the IJ's conclusion that Dalip testified evasively regarding the location and name of the hospital she allegedly visited following one of the incidents with the police. These inconsistencies, when considered cumulatively, served to undermine Dalip's credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Finally, the IJ expressly stated that his adverse credibility finding was based, in

part, on his observation of Dalip's demeanor during the hearing. As we have held, the deference owed to an IJ's decision "is at its highest point where an IJ's credibility determinations are based on observation of the applicant's demeanor." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 116–17 (2d Cir.2007). Thus, substantial evidence supports the IJ's adverse credibility determination, and the IJ's denial of Dalip's asylum claim on this basis was proper. *See Corovic,* 519 F.3d at 95.

Because the only evidence of a threat to Dalip's life or freedom depended upon her credibility, the adverse credibility finding in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. Because Dalip's asylum application was filed prior to May 11, 2005, the provisions of the REAL ID Act do not apply and *Secaida–* *Rosales* remains good law. *Cf. Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–67 (2d Cir.2008).